# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JEFFERY J. BLAIR,

        Plaintiff,

                                      **Civil Action 2:19-cv-763**

      **v.**                              **Chief Judge Edmund A. Sargus, Jr.**

                                        **Magistrate Judge Chelsey M. Vascura**

JEFF NOBEL, *et al.*,

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, Jeffery J. Blair, an Ohio inmate who is proceeding without the assistance of counsel, brings this action against the Warden of Madison Correctional Institution ("MCI") and three MCI corrections officers. Plaintiff alleges that the three MCI corrections officers took actions that caused him to have a false urine test and be issued a false conduct report and that the MCI warden's failure to properly supervise these officers allowed them to take these actions. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

# I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>       *        *        *
>
>   (B) the action or appeal--
>
>       (i) is frivolous or malicious;
>
>       (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010)

(quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has

limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen.*

*Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)).

## II.

According to the Complaint, in September 2018, Plaintiff provided a urine sample to

Defendant Robinson, an MCI corrections officer.  Because the results of the urinalysis came up

positive for Marijuana, Plaintiff was issued a conduct report.  Plaintiff names Defendant

Robinson as a defendant, alleging that he gave a "false urine test."  (Compl. ¶ 4, ECF No. 1.)

Plaintiff also names the MCI corrections officer who issued the conduct report, Defendant Jones,

alleging that he must be lying and forging documents because he was not present during the

urinalysis and was not even on duty the day the urine test was administered.  (*See* Compl. ¶ 3

("[H]e is accused of and claimed of forging documents and lying that he was present and did the

urine test."); Oct. 18, 2018 RIB Disposition at PAGEID # 19 ("I was issued a conduct report and

noticed that the ticket was written by officer Jones.  In the ticket, officer Jones states that he is

the charging officer but he was not present at all during the initial testing. . . .  His off days listed

on the ticket confirm that he was not even on duty that day.").)  The at-issue Conduct Report,

attached to the Complaint, reflects that it was, in fact, issued by Defendant Jones.  (ECF No. 1 at

PAGEID # 13.)   Nowhere in the Conduct Report, however, does Defendant Jones represent that

he was present during the collection of Plaintiff's urine sample.  Plaintiff alleges Defendant

Lieutenant Pierce, who served as the Rules Infraction Board ("RIB") Chairman, pre-sanctioned

and placed restrictions on Plaintiff before the ticket was read, made a recommendation that his

security level should be raised, and covered for Defendant Jones such that his actions amounted to allowing the false urine test. Finally, Plaintiff names MCI Warden Jeff Nobel as a Defendant, alleging that his failure to properly supervise his subordinates gave the other Defendants the opportunity to administer a false urine test and issue a false conduct report. Plaintiff seeks monetary, declaratory, and injunctive relief.

## III.

It is **RECOMMENDED** that Plaintiff's claims premised upon his allegations that he was administered a false urine test and issued a false conduct report be **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A(b)(1). "[A] prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused."); *Lee v. Pauldine*, No. 1:12–cv–077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant . . . filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'" (quoting *Spencer v. Wilson*, No. 6:11–00128–KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012)), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013)); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right.").

It is unclear whether Plaintiff is advancing a separate claim against Defendant Pierce based upon his recommendation that Plaintiff's security level increase or whether Plaintiff's security level was, in fact, increased as a result of the RIB's findings. Regardless, Plaintiff cannot maintain a constitutional claim premised upon a recommendation that his security level be increased or even an increase in his security level because he has no constitutionally protected liberty interest in his security level. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "An inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[A]n increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin–Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (internal quotation marks and citation omitted); *see also Moody v. Daggett*, 429 U.S. 79, 88 n.9 (1976) (change in "prisoner classification" does not implicate a due process right); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that inmate's placement in disciplinary confinement or a change in security classification or housing assignment did not implicate the

Due Process Clause). Because Plaintiff does not have a constitutional right to a particular security level or classification, to the extent he is seeking to advance a claim relating to his security level, it is **RECOMMENDED** that the Court **DISMISS** his due process claim relating to his change in security classification pursuant to §§ 1915(e)(2) and 1915A(b)(1).

Finally, Plaintiff has failed to state a viable claim against Defendant Warden Noble. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant Warden Noble was personally involved in any violation of Plaintiff's rights. It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claim against Defendant Warden Noble pursuant to §§ 1915(e)(2) and 1915A(b)(1).

## IV.

For the reasons set forth above, it is **RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief

may be granted and that the Court find that any appeal of this action would not be taken in good faith for the reasons identified in this Report and Recommendation.

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE