UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFERY J. BLAIR,

    Plaintiff,

v.

JEFF NOBEL, *et al.*,

    Defendants.

Case No. 2:19-cv-763
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Jeffery J. Blair's ("Plaintiff") Objection (ECF No. 7) to the Magistrate Judge's Report and Recommendation (ECF No. 4). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation (ECF No. 4) and **DISMISSES** Plaintiff's Objection (ECF No. 7).

### I.

Plaintiff, proceeding *pro se*, initiated the instant action on March 4, 2019. (ECF No. 1). According to his Complaint, Plaintiff received a urine test at the Madison Correctional Institute ("MCI") in September 2018. (Compl. ¶ 4; Conduct Report, ECF No. 1). Plaintiff's sample tested positive for marijuana. (Conduct Report). On September 23, 2018, Plaintiff received an MCI Conduct Report as a result of the drug test. (*Id.*). In his Complaint, Plaintiff asserts allegations against four MCI defendants. First, Plaintiff alleges that Defendant Jeff Nobel ("Defendant Nobel"), the warden, failed to properly supervise his subordinates at MCI. (*Id.*). Second, Plaintiff claims that Defendant Tony Robinson ("Defendant Robinson"), an MCI corrections officer, gave him "a false urine test." (*Id.*). Third, Plaintiff alleges that Defendant Jones forged documents, lied that he was present at the urine test, and lied that he issued Plaintiff's Conduct Report. (*Id.*).

Fourth, Plaintiff avers that Defendant Pierce, an MCI lieutenant, permitted Defendant Robinson to issue a false urine test, lied that Defendant Jones was present during the test, and placed improper security restrictions on Plaintiff. (*Id.*).

Plaintiff seeks: (1) a declaration that Defendants violated Plaintiff's constitutional rights; (2) an injunction; (3) compensatory damages in the amount of $50,000; (4) punitive damages in the amount of $5,000; and (5) costs. (*Id.* ¶ 25–30). On March 12, 2019, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claims be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1) for failure to state a claim on which relief may be granted. (R&R at 7–8, ECF No. 4). Plaintiff timely filed an Objection on April 1, 2019. (ECF No. 7). This matter is now ripe for review.

## II.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–343 (1948)). Because a nonpaying litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," 28 U.S.C. § 1915(e) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     (A) The allegation of poverty is untrue; or
>
>     (B) The action or appeal—
>
>         (i) If frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. §1915(A) requires courts to screen complaints to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted."

The same "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. § 1915(e)(2) and 28 U.S.C. §1915(A)] because the relevant statutory language tracks the language of Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010). Thus, the Court must construe the complaint in the light most favorable to the plaintiff and determine whether the factual allegations present a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. In other words, a complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). However, "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont County Sheriff's Dept.*, 374 F. App'x 612, 614 (6th Cir. 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

3

## III.

The Report and Recommendation found that Plaintiff's Complaint fails to raise any plausible facts which amount to a viable constitutional claim. (R. & R. at 5–7). Plaintiff disagrees, arguing he "did not fail to identify any concrete . . . and wrongful acts of defendants." (Opp'n at 5). Citing the Fifth, Eight, and Fourteenth Amendments, Plaintiff "objects unequivocally to the [Report and Recommendation] and move[s] this court to issue relief; which is to order Madison Correction Institution [to] remove the fake urine test [from] plaintiff[']s institutional file/record. And order each defendant to pay for [his] wrong doings." (*Id.* at 2). The Court will analyze each of Plaintiff's claims in turn.

### A. Plaintiff's Failure to Supervise Claim Against Defendant Nobel

To plead a cause of action under 42 U.S.C. § 1983, a plaintiff must sufficiently allege two elements: (1) the "violation of a right secured by the Constitution and laws of the United States," and (2) the "deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). To act under the color of state law, a defendant must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Generally, a defendant is acting under the color of state law "when he abuses the position given to him by the State." *Id.* (citing *Monroe v. Pape*, 365 U.S. 167, 172 (1961) (overruled in part on other grounds)).

However, "[s]ection 1983 liability must be premised on more than mere *respondeat superior*." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (emphasis added)). In other words, "proof of involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008)

(quoting *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005)). To succeed on a section 1983 claim against a supervising employee, the plaintiff "must show that the supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id.* (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Assuming, *arguendo*, Plaintiff could satisfy the first prong, his claim against Defendant Nobel fails on prong two. Plaintiff has not alleged that Defendant Nobel personally committed any unconstitutional acts. Moreover, Plaintiff has not presented any factual support to suggest that Defendant Nobel implicitly authorized or acquiesced to any of the alleged unconstitutional conduct. The only facts Plaintiff asserts regarding Defendant Nobel are as follows:

1) Defendant #1 – Jeff Nobel is the Warden of Madison Correctional Institution, he is claimed responsible for over seeing the institution is supervised to the standards of The Department of Corrections and to supervise the ones under his supervision does the same. By his failure to do so, gave the other defendants in this case the opportunity to go outside of the administrative rules to cause such actions that violated plaintiff's rights as stated below, . . ."

(Compl. ¶ 4). As Plaintiff's statement does not contain any factual findings which indicate that Defendant Nobel permitted or instructed subordinate MCI corrections officers to give Defendant a false urine test, there is no evidence of Defendant Nobel's personal involvement in the alleged misconduct. Accordingly, Plaintiff's failure to supervise claim against Defendant Nobel is insufficient pursuant to §§ 1915(e)(2) and 1915(A)(b)(1).

## B. Plaintiff's Section 1983 Claim Against Defendant Robinson

Plaintiff also asserts a section 1983 claim against Defendant Robinson for allegedly giving him a false urine test. (Compl. ¶ 4). Once again Plaintiff fails to state a claim upon which relief may be granted. In this instance, Plaintiff cannot satisfy the first prong of the section 1983 analysis (i.e., violation of a constitutional right). Although Plaintiff contends that Defendant

5

Robinson's alleged actions violated his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments, "[a] prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). For instance, in *Jones v. McKinney*, 172 F.3d 48, 48 (6th Cir. 1998), the Sixth Circuit held that the district court properly dismissed a prisoner complaint alleging prison officials "deliberately issued a false disciplinary report against him." The *Jones* court noted that "[the prison official] did not violate [the prisoner's] constitutional rights, even if the disciplinary report was false, because a prisoner has no constitutionally protected immunity from being wrongly accused." *Id.*

The Court finds *Jones* analogous to the instant action. If, as Plaintiff asserts, Defendant Robinson falsified Plaintiff's urine drug test, Defendant Robinson's action amounts to a false accusation of prisoner misconduct. Such conduct does not violate the Constitution. *Id.* Consequently, Plaintiff's claim against Defendant Robinson fails pursuant to §§ 1915(e)(2) and 1915(A)(b)(1).

## C. Plaintiff's Section 1983 Claim Against Defendant Jones

As discussed *supra*, a prisoner has no constitutionally-protected right to be free from false misconduct reports. *Id.* Thus, Plaintiff's § 1983 claim against Defendant Jones for allegedly forging Plaintiff's disciplinary report also fails. Plaintiff's claim against Defendant Jones should also be dismissed for failure to state a claim upon which relief can be granted.

## D. Plaintiff's Section 1983 Claim Against Defendant Pierce

Finally, the Court considers Plaintiff's allegation that Defendant Pierce either recommended that Plaintiff's security level be raised or actually raised Plaintiff's security level. Prisoner liberty interests are typically limited to "freedom from restraint which, while not

exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force nonetheless imposes *atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.*" *Mackey v. Dyke*, 111 F.3d 460, 462 (6th Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (emphasis in original). As held by the Sixth Circuit in *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005), "an increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification."

Because Plaintiff has no constitutionally-protected right to a particular security classification, he cannot meet the first prong of the § 1983 analysis. Accordingly, Plaintiff's claim against Defendant Pierce fails under §§ 1915(e)(2) and 1915(A)(b)(1).

**IV.**

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 4) and **DISMISSES** Plaintiff's Objection (ECF No. 7). The Court **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to §§ 1915(e)(2) and 1915(A)(b)(1).

**IT IS SO ORDERED.**

_5-1-2019_
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**